UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSBOURNE S. CORNWALL and
ROSALIND C. CORNWALL,

    Plaintiffs,

v.                                                     Case No: 8:16-cv-1249-T-30MAP

CENTERSTATE BANK OF FLORIDA,
N.A.,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Dkt. 7). Having reviewed the motion, the record, and the applicable law, the Court concludes that it can rule on the motion without the benefit of a response. The Court further concludes that the motion should be granted.

## DISCUSSION

Plaintiffs, Osbourne and Rosalind Cornwall, filed this three-count lawsuit alleging negligent misrepresentation (Count I), fraudulent misrepresentation (Count II), and breach of implied covenant (Count III). Each count concerns a mortgage Defendant Centerstate Bank of Florida holds on two properties the Cornwalls own.

Centerstate Bank moves to dismiss the complaint on three grounds: (1) that the Court lacks subject matter jurisdiction over the claim; (2) that venue is improper,

particularly in light of the mortgage's forum-selection clause; and (3) that the Corwalls have failed to state a cause of action on which relief may be granted.

The Court will first address, as it must, Centerstate Bank's jurisdictional challenge. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("The [district] court should have addressed the personal jurisdiction question first."). To have subject matter jurisdiction, a federal district court must be able to exercise either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331-1332. Federal jurisdiction is limited, and the party seeking its invocation bears the responsibility of establishing the court's jurisdictional basis—either diversity or federal question. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Here, the Cornwalls have established neither.

First, as to diversity jurisdiction, the Cornwalls have failed to allege the citizenship of Centerstate Bank. Instead, the Cornwalls only make an allegation concerning personal jurisdiction: "This Court has personal jurisdiction over Defendant, Center State Bank, because it is licensed to do and does conduct a substantial amount of business in the State of Florida." (Dkt. 1, p. 1). This allegation says nothing of the Bank's *citizenship*, let alone establishes that the parties' citizenship is diverse. Without even an allegation on this crucial point, the Court may not exercise jurisdiction over the case on the basis of diversity

jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).[1]

Second, on federal question jurisdiction, the Cornwalls have alleged three causes of action, two of which are state common law torts and one of which is a Florida statutory claim. *See* Fla. Stat. § 671.203 (obligation of good faith). The only substantive federal law cited in the complaint is 12 U.S.C. § 5564(f), the Consumer Financial Protection Act of 2010. That law does not authorize a private cause of action. 12 U.S.C. § 5564(f); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002). Nor does it raise a substantial federal question on which the Cornwalls' right to recovery hinges. *See Gunn v. Minton*, 133 S. Ct. 1059, 1066-67, 185 L. Ed. 2d 72 (2013). The complaint, in other words, does not establish a basis for the Court to exercise federal question jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 7) is GRANTED.

2. This cause of action is DISMISSED WITHOUT PREJUDICE.

3. The Clerk is directed to close this case and terminate all pending motions as moot.

---

[1] Furthermore, in light of Centerstate Bank's statement of citizenship supplied in Dkt. 7-1, the Court is doubtful that the Cornwalls could establish diversity of citizenship even if properly alleged.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2016\16-cv-1249 MTD Grant.docx

4